1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES E. WHITE,** | Case No. 1:14-cv-01214 MJS (HC) |
| Petitioner, | **ORDER GRANTING MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | **[Doc. 2]** |
| **CONNIE GIPSON, Warden,** | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 6.)

Petitioner was convicted of first degree murder with the special allegation that he personally used a firearm resulting in death or great bodily injury, possession of a firearm by a felon, and unlawful possession of a prohibited weapon. Petitioner was sentenced to an aggregate term of 75 years to life. People v. White, 2013 Cal. App. Unpub. LEXIS 2670 (2013). He appealed his conviction to the California Court of Appeal, Fifth Appellate District and to the California Supreme Court. The state courts affirmed the judgment to the above referenced counts. (Pet. at 2-3.) Petitioner filed a petition for writ of habeas corpus with the Merced County Superior Court on October 23, 2013. (Id. at 3.)

1  Petitioner had not received a response to the petition at the time of filing this federal

2  petition.

3        On August 4, 2014, Petitioner filed the instant petition. Along with the petition,

4  Petitioner filed a motion to stay the proceedings. (Mot. to Stay, ECF No. 2.) Petitioner

5  requests the Court stay his petition while he proceeds to attempt to exhaust his state

6  court claims and determine what has happened to his petition filed in the superior court.

7  For the reasons explained below, Petitioner's motion to stay must be granted.

8  **I.     LEGAL STANDARD**

9        The exhaustion of available state remedies is a prerequisite to a federal court's

10  consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy,

11  455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner

12  satisfies the exhaustion requirement by providing the highest state court with a full and

13  fair opportunity to consider all claims before presenting them to the federal court. Picard

14  v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v.

15  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

16  **II.    ANALYSIS**

17        Petitioner has requested to stay this case and hold it in abeyance to allow him to

18  attempt to exhaust additional claims in state court. (See ECF No. 2.) However, Petitioner

19  has not provided any information on when his state petitions will be filed.

20        **A.     Stay and Abayance**

21        A court may stay a petition and hold it in abeyance pursuant to either Kelly v.

22  Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct.

23  1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

24  Kelly and Rhines set out different procedures and requirements for imposing a stay.

25  Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The

26  court then stays and holds in abeyance the amended, fully exhausted petition, allowing

27  the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id.

28  (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the

1   newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet

2   three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for

3   petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding

4   that the unexhausted claims are potentially meritorious; and (3) no indication that the

5   petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three

6   preconditions exist, the court should stay the habeas case and hold it in abeyance,

7   leaving the mixed petition intact while the petitioner returns to state court to present his

8   unexhausted claims.

9       Rhines does not go into detail as to what constitutes good cause for failure to

10  exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the

11  test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe,

12  425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the

13  standard is more generous than the showing needed for "cause" to excuse a procedural

14  default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying

15  the Supreme Court's mandate on remand). This view finds support in Pace v.

16  DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the

17  Supreme Court acknowledged that a petitioner's "reasonable confusion" about the

18  timeliness of his federal petition would generally constitute good cause for his failure to

19  exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

20      However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit

21  ruled that petitioner did not show good cause by arguing that he was "under the

22  impression" that his counsel had raised all claims before the state court of appeal.

23  Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that

24  argument "would render stay-and-abey orders routine" and "would run afoul of Rhines

25  and its instruction that district courts should only stay mixed petitions in 'limited

26  circumstances.'" Wooten, 540 F.3d at 1024.

27      Petitioner provides inadequate justification for not presenting the claim to the

28  California Supreme Court. Petitioner provides documentation with his petition regarding

1    potential confusion over the lost petition filed with the Merced County Superior Court in

2    October, 2013. However, Petitioner has presented no information why he could not have

3    continued to proceed to exhaust his state claims before filing this petition.  This Court is

4    bound to find that he has not shown good cause for a stay under <u>Rhines</u>. However, the

5    <u>Kelly</u> procedure, which has remained available even after the Supreme Court's ruling in

6    <u>Rhines</u>, does not require a showing of good cause. <u>King</u>, 564 F.3d at 1140. The Court

7    must still deny a request for a stay and abeyance under <u>Kelly</u> if the new claims are

8    facially without merit and therefore cannot be added to the existing habeas petition after

9    they are exhausted in state court. <u>King</u>, 564 F.3d at 1141.

10         The Court finds that this petitioner's unexhausted claims – ineffective assistance

11   of appellate counsel, abuse of discretion of the trial court judge, insufficient evidence and

12   instructional error - present, at this stage, facially meritorious claims. Under the <u>Kelly</u>

13   procedure, Petitioner should have the opportunity to file an amended petition that does

14   not include unexhausted claims.[1] If he does so, the Court will impose a stay to allow him

15   to exhaust the claims in state court. If he chooses not to amend his petition, the Court

16   will deny his motion to stay and dismiss the petition without prejudice for failure to

17   exhaust all claims, with leave to file an amended petition. <u>See</u> <u>Anthony v. Cambra</u>, 236

18   F.3d 568, 574 (9th Cir. 2000). Petitioner is forewarned that such a dismissal may

19   adversely affect the timeliness of the petition in relation to the one year statute of

20   limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

21         As Petitioner may be able to exhaust his claim and subsequently add it to the

22   petition through amendment, the Court will stay the proceedings under <u>Kelly</u>. The Court

23   declines at this time to decide if the claim, once exhausted, can properly be added to the

---

25   [1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the
26   amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according
     to the same screening standards that applied to his original petition. In addition, Petitioner is informed that
     the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local
27   Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading.
     <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition
28   supersedes the original.).

4

federal petition within AEDPA's one year limitation period. However, after Petitioner amends his petition to add any newly exhausted claims, Respondent will be given an opportunity to challenge the timeliness of the claims asserted in the amended petition.

**III.   CONCLUSION AND ORDER**

Accordingly, it is ORDERED that:

1) Petitioner's motion for stay (Doc. 2) be granted pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) and <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009), and the instant action be administratively stayed pursuant to <u>Kelly</u> and <u>King</u>;

2)  Petitioner is ordered to file an amended petition containing only claims already exhausted within thirty (30) days of the date of service of this order;

3) Petitioner is directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims; and

4) Petitioner is directed to file an amended habeas petition containing all claims, including newly exhausted claims, with his motion to lift the stay.

Petitioner is forewarned that failure to comply with this Order may result the dismissal of the petition. Local Rule 110.


IT IS SO ORDERED.


Dated:   August 25, 2014                 /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE