IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES E. WHITE,**<br><br>Petitioner,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Respondent. | 1:14-cv-01214 MJS HC<br><br>**ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6.)

Petitioner was convicted of first degree murder with the special allegation that he personally used a firearm resulting in death or great bodily injury, possession of a firearm by a felon, and unlawful possession of a prohibited weapon. Petitioner was sentenced to an aggregate term of 75 years to life. People v. White, 2013 Cal. App. Unpub. LEXIS 2670 (2013). He appealed his conviction to the California Court of Appeal, Fifth Appellate District and to the California Supreme Court. The state courts affirmed the judgment to the above referenced counts. (Pet. at 2-3.) Petitioner filed a petition for writ of habeas corpus with the Merced County Superior Court on October 23, 2013. (Id. at 3.)

1

1  Petitioner had not received a response to the petition at the time of filing this federal
2  petition.
3        On August 4, 2014, Petitioner filed the instant petition along with a motion to stay
4  the proceedings. (Mot. to Stay, ECF No. 2.) Petitioner requested the Court stay his
5  petition while he proceeded to attempt to exhaust his state court claims. The Court
6  granted the stay on August 26, 2014. (ECF No. 7.)
7        Over ten months have passed since the stay was issued, and Petitioner has not
8  yet notified the Court that he has exhausted his state court remedies. On June 25, 2015,
9  Petitioner filed exhibits with the Court. (ECF No. 9.) The exhibits contain state court
10 records that reflect that Petitioner sought habeas corpus relief from the Merced County
11 Superior Court, and sought other forms of relief, including petitions for writs of
12 mandamus in the state courts. (Id.) However, the records did not provide evidence that
13 Petitioner sought collateral relief for his unexhausted claims from the California Supreme
14 Court. (Id.)
15       As discussed by the Supreme Court, the stay and abeyance procedure is
16 available only in limited circumstances because the procedure frustrates AEDPA's
17 objective of encouraging finality and streamlining federal habeas proceedings. Rhines v.
18 Weber, 544 U.S. 277 (2005).

19
20
21
22
23
24
      A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

25 Rhines, 544 U.S. at 277-78.
26       Here, over ten months have passed since the matter was stayed. Petitioner has
27 had sufficient time to present any unexhausted claims before the state courts. Petitioner
28 is therefore ordered to show cause and explain why the stay should not be vacated.

**ORDER**

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within thirty (30) days of service of this order explaining why the stay should not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   July 13, 2015                              /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE