IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES E. WHITE,**<br><br>Plaintiff,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Defendant. | 1:14-cv-01214 LJO MJS HC<br><br>**ORDER GRANTING PETITIONER'S MOTIONS TO AMEND THE PETITION**<br><br>**(Docs. 26-27)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on August 4, 2014. (Pet., ECF No. 1.) On August 26, 2014, the Court granted Petitioner's motion to stay the petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (Order, ECF No. 7.) Under the Kelly procedure, the Court allowed Petitioner to file an amended petition that did not include unexhausted claims. The Court then imposed a stay to allow Petitioner to exhaust the claims in state court. However, Petitioner was directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims. He was also directed to file an amended habeas petition containing all claims, including newly exhausted claims, with his motion to lift the stay. (Id.)

1

1    Petitioner did not contact the Court upon exhausting his claims in state Court, and
2    on January 19, 2016, the Court vacated the stay. (ECF No. 16.) On February 4, 2016,
3    the Court ordered Respondent to file a response to the petition, which she did on March
4    30, 2016. (Answer, ECF No. 21.)
5    On April 28, 2016, and again on May 10, 2016, Petitioner filed motions to amend
6    the petition to include the claims that he attempted to exhaust in state court. Petitioner
7    failed to file a motion to lift the stay and present the Court with an amended petition
8    containing the newly exhausted claims. He now moves to amend the petition to add
9    those claims.
10   Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

13   Petitioner has not sought consent from Respondent to file the motion to amend.
14   Accordingly, amendment may be permitted only upon court order. The standard for
15   granting leave to amend is liberal, and leave should be freely given when justice so
16   requires. Further, the Court has a "duty to ensure that *pro se* litigants do not lose their
17   right to a hearing on the merits of their claim due to ignorance of technical procedural
18   requirements." Chess v. Dovey, 790 F.3d 961, 971 (9th Cir. 2015) (citing Balistreri v.
19   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). The procedural requirements
20   for properly navigating a stay under the Kelly procedure are complex. While Petitioner
21   should have notified the Court that his claims were exhausted, and filed an amended
22   complaint containing the newly exhausted claims with the notice to lift the stay, Petitioner
23   failed to do so. He now requests the opportunity to amend the petition three months after
24   the Court vacated the stay. Respondent has filed an answer to the claims that were
25   originally presented in the petition, and will be inconvenienced by having to now respond
26   to review additional claims that Petitioner has allegedly exhausted. However, the
27   additional effort does not rise to the level of prejudice to Respondent that would form the
28   basis to deny leave to amend.

Accordingly, Petitioner's motion to file an amended petition is GRANTED. However, upon filing the amended petition, Respondent will have the opportunity to present procedural challenges to any newly added claims, including failure to exhaust state remedies or expiration of the one year limitations period, if applicable. Petitioner is also advised that to the extent that the new amended petition contains unexhausted claims, Petitioner must file a renewed motion to stay the petition and meet the procedural requirements of a stay to prevent dismissal of the unexhausted claims.

The court hereby ORDERS Petitioner to file an Amended Petition within thirty (30) days of the date of service of this order.

Petitioner is forewarned that Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2255 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v.

Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). The Court will grant Petitioner leave to determine the pleadings and exhibits he wishes to include in the instant petition.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   May 17, 2016            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE